NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QING LI,<br><br>               Petitioner,<br><br>  v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>               Respondent. | No.   18-72926<br><br>Agency No. A206-666-075<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Petitioner Qing Li, a native and citizen of China, requests review of the

Board of Immigration Appeals' ("BIA") denial of her applications for asylum and

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The immigration judge ("IJ") found Li not credible, and the BIA concluded that the IJ's finding was not clearly erroneous. Substantial evidence supports the adverse credibility determination based on inconsistencies and implausibilities in the record. *See Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019); *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Particularly, the record supports the cited inconsistencies in Li's testimony, asylum interview, and asylum application as to her marital status. *See Shrestha*, 590 F.3d at 1048. Li also provided false statements in her visa application. These false statements properly support the adverse credibility determination because they were given in a visa application that was not used for an immediate escape from persecution. *See Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011). Further, Li omitted from her asylum application information about a second forced abortion in China, a fact highly relevant to her asylum claims resting on forcible abortion. *See Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011). The record also supports the BIA's conclusion that Li's testimony was implausible with respect to the timing of her second pregnancy and her actions in returning home after her successful escape from authorities. *See Shrestha*, 590 F.3d at 1044.

Moreover, the BIA properly concluded that Li's corroborating evidence—in the form of her household registration book, medical outpatient book, and letter from her son—was insufficient to rehabilitate her credibility or independently support her claim for asylum. *See Manes v. Sessions*, 875 F.3d 1261, 1264–65 (9th Cir. 2017). For instance, the household registration book contained incorrect statements, the outpatient book lacked information about follow-up treatment after the abortion despite Li's allegation that she was hospitalized for days, and the son's letter alleged, without explaining why, that authorities are looking for Li and she will be arrested and sentenced if she returns to China. Li was given an opportunity to explain any relevant omissions or inconsistencies but failed to adequately do so. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Without credible testimony, the BIA properly denied Li's claims for asylum and withholding of removal.[1] *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION DENIED.**

---

[1] Because Li did not raise her CAT claim in her opening brief, we deem that issue waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).